**John R. WEATHERLY, Trustee,
Appellant,**

v.

**Jacqueline BYRD, Guardian of the Person
and Estate of Aileen Mitchell, Appellee.**

No. 17857.

Court of Civil Appeals of Texas,
Fort Worth.

May 26, 1977.

Rehearing Denied June 23, 1977.

Kelley, Ryan, Merrill & Young, and C. O. Ryan, Houston, for appellant.

Leeper & Priddy, and Laurance L. Priddy, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

See 519 S.W.2d 504, *Weatherly v. Byrd,* the January 31, 1975 opinion of this court upon Weatherly's plea of privilege appeal.

Venue was thereby held to have been properly retained in the Probate Court of Tarrant County, Texas. The case was styled as one brought by plaintiff-petitioner Jacqueline Byrd, Guardian of the Person and Estate of Aileen Mitchell, against John R. Weatherly, Trustee of at least a portion of Mrs. Mitchell's estate.

September 3, 1976 was signed and entered appealable order of the Probate Court ordering and directing revocation of the revocable instrument of trust made by Mrs. Mitchell when she was able to effectively accomplish it. The order read: "It is therefore ORDERED, ADJUDGED and DECREED that Petitioner (Byrd) be and is hereby authorized and directed to revoke the Trust Agreement of September 24, 1971; and further that all costs in this proceeding be adjudged against JOHN R. WEATHERLY, Trustee." Therefrom Weatherly appealed.

We affirm the judgment order.

Between date of the judgment and time for the submission of the case for hearing by this appellate court Mrs. Mitchell died. Weatherly filed instruments so informing the court and moved that the entire subject matter of the case be declared moot, with the case dismissed as ab initio; with rights of the guardian to reduce the property theretofore held by Weatherly as trustee thus denied.

■ We overrule Weatherly's motion. As the ward upon whose person and estate there was in operation the guardianship administration by decree of the Probate Court Mrs. Mitchell was alive at time of the judgment order from which the appeal was taken. As will be hereinafter noticed the property of Mrs. Mitchell, which was formerly in trust, constituted property and estate for which her guardian, Mrs. Byrd, will be obliged to make accounting to the court. Texas Probate Code, V.A.T.S., § 230, "Care of Property of Estates". See also 27 Tex.Jur.2d, p. 618, "Guardian and Ward", § 354, "In general; Termination". In view of the judgment order the rights of all parties thereunder would persist unless and until there might be reversal in some degree by this appellate court.

Insofar as the instant appeal and questions pertaining thereto are matters of concern the record is to be viewed as though Mrs. Mitchell were still alive. By reason of Mrs. Mitchell's death questions might exist relative to matters pertaining to wills and to estates of decedents, but they do not obtain so as to have any effect in our consideration of the appeal.

■ The judgment order of the trial court, from which the appeal has been taken, amounted to an in rem adjudication, or confirmation, that the title to that trust property in the possession of Weatherly as trustee was vested in Mrs. Mitchell. Right of possession would probably belong to Mrs. Byrd, her guardian, though with this we are not presently concerned. 34 Tex.Jur.2d, p. 375, "Judgments", § 361, "Particular proceedings in rem". We do not mean to imply that title to the trust was not a part of Mrs. Mitchell's estate before the adjudication; indeed we deem it to have been. Revocability of the trust instrument, under the authority of which the trustee was in possession of trust property, was provided on its face and to revoke it was a contractual right of Mrs. Mitchell. As settlor (as well as beneficiary during her lifetime) Mrs. Mitchell's right to revoke the trust did not cease upon her having thereafter become a person of unsound mind. Because she so became was the occasion for the appointment of a guardian and the administration in Probate Court. Upon such guardian having been appointed and qualified to act as such, the right to revoke the revocable trust became vested in the guardian as action for and in behalf of the ward. 27 Tex.Jur.2d, p. 458, "Guardian and Ward", § 140, "Collection, recovery, possession, and management of property debts, and claims by guardian"; Texas Probate Code, V.A.T.S., § 233, "Collection of Claims and Recovery of Property". By the guardian's bond was the interest of the ward protected in the event the revocation of the trust be proved to have been contrary to such interest.

Concerning the right of a guardian to exercise the ward's contractual right to revoke a trust: There being no provision of law requiring resort to the Probate Court, it would only be in an abundance of precaution that there would be necessity for authority to be sought from the Probate Court to make, or confirm, such character of revocation, for the right of the guardian existed whether there was or not any court order. This would especially pertain in circumstances such as those here presented where there is not denial of any fact of the trust or the instrument whereby it was created, nor denial that Mrs. Mitchell had the right to revoke it had her capacity persisted unimpaired.

Nevertheless we hold the Probate Court to have had jurisdiction to enter the order from which Weatherly, trustee, has appealed. If the guardian's revocation absent support of a court order be ineffective (we herein hold it to have been effective) certainly would the order of the court be effective. In Texas the Probate Court is charged with duty to oversee and to supervise and direct, where there is necessity, the administration of estates. This necessarily includes action and authorization for action to protect the interests of a ward for whom the court has appointed a guardian. Persuasive is the statutory provision that for the guardian in this case to have released the ward's authority of revocation would necessitate an order of the Probate Court. V.A.T.S. Art. 7425c, "(Trusts and Trustees) Release of powers of appointment," § 8, "Release by guardian".

In the instant case, in the petition for authority to terminate the trust, the guardian made presentation to the court that under the circumstances averred "it would be for the best interests" of the ward that the trust be revoked. It was to this representation that Weatherly, trustee, plead in the trial court and demanded and was granted trial. Upon evidence which supported the contention of the petitioning guardian the court found that it would be to the best interests of the ward that the trust be revoked. Actually we do not consider Weatherly to have possessed any justiciable interest.

In Minnesota the purpose of revocation of a trust on behalf of a ward, by the Probate Court, was considered. It was soundly held that it was not an exercise of jurisdiction over a trust, but the exercise of the ward's right to prevent the trust from becoming irrevocable. *Rickel v. Peck*, 211 Minn. 576, 2 N.W.2d 140 (1942). It was further held in the case that the proper tribunal, whether a probate or equity court, has jurisdiction and authority to exercise in behalf of the incompetent the power residing in him to revoke a tentative or revocable trust created by him prior to incompetency.

In Texas we do not think a guardian encumbered by the legal burden to show that revocation was to the best interest of the ward in order to be entitled to revoke the revocable trust. We hold the contrary to be the law. To obtain the decision of the court afforded the guardian a kind of insurance, but was not actually necessary. It is not disputed that, antecedently, the guardian had done everything possible to revoke the trust and to give notice of such revocation to the trustee. The trust had been effectively revoked by notice brought home to Weatherly, as trustee, long prior to the time of the hearing in the trial court, and in law had been revoked from the time of the effective notice of revocation given him. 57 Tex.Jur.2d, p. 506, "Trusts", § 113, "Repudiation". Thereafter Mr. Weatherly, individually, has been exposed to liability in an *in personam* proceeding should one be instituted seeking judgment for damages against him.

On the appeal Weatherly, trustee, makes complaint because of certain findings upon fact made by the trial court, to-wit: that exercise of right of revocation of the trust would be to the best interest of the ward, and that placing the trust estate assets under the jurisdiction of the trial court (Probate) would eliminate potential conflict of interest of Weatherly as the trustee. We consider neither finding important or essential. In the event we err we make the further holding that the com-

plaint made thereof on the ground of lack of basis in the evidence on trial is overruled.

Weatherly also makes complaint of the conclusions upon the law by the trial court: (1) that right of revocation could be made by the guardian when authorized to do so by the Probate Court, and (2) that guardian has the authority of that court to revoke the trust agreement of September 24, 1971. We hold that the guardian had the authority to revoke the trust even without the order of the Probate Court. In any event if there be necessity for any order it would be the Probate Court, charged with the duties of supervising the administration of the estate of a ward, which would have the jurisdiction. (Of course it might require proceedings in a District Court for the guardian to reduce the property to possession.)

The ultimate conclusion is that there was jurisdictional power of the trial court to enter the order from which the appeal was taken, whether or not there was actual necessity therefor. Certainly was the revocation of the ward's revocable trust made effective. Weatherly, as trustee, having actively become a party and participated in proceedings resulting in the order, is bound by the adjudication.

Complaints by points of error have been severally considered and all are overruled.

The judgment order is affirmed.