Ex parte Charles Ray YOUNG, Relator.

No. 09 86 242 CV.

Court of Appeals of Texas, Beaumont.

Jan. 22, 1987.

Shimon Kaplan and Mary Fly, East Texas Legal Services, Beaumont, for appellant.

Keith Griffin, Griffin & Maida, Beaumont, for appellee.

## OPINION

PER CURIAM.

On March 5, 1985, Sandra Faye Young, as Petitioner in the District Court, obtained a divorce from Charles Ray Young who, though cited, failed to appear and answer. Petitioner was appointed Managing Conservator, and Charles Ray Young was ordered to pay child support of $200.00 per month, beginning on April 1, 1985, through the Jefferson County Child Support Office.

Thereafter, Petitioner filed a Notice to Show Cause alleging Charles Ray Young had failed to obey the court's order, and was in support arrearage of $1,800.00. The court appointed an attorney to represent Petitioner. Records from the Jefferson County Child Support Office confirmed that Young was in arrears as alleged when the Notice to Show Cause was filed.

On January 29, 1986, the court, reciting that Young had been cited to appear and failed, ordered him arrested, directing the clerk to issue a capias for his arrest. On October 6, 1986, the court issued an "Attachment and Commitment in Contempt" ordering the arrest and imprisonment of Young for 37 days "and until he has paid the amount of $1,800.00." An affidavit in our file on Motion for Leave to File Application for a Writ of Habeas Corpus by Young alleges his inability to pay the support ordered as the reason for refusing to comply with the court's order. This affidavit is dated December 5, 1986. We have in our record a statement of the facts introduced at the hearing of October 6, 1986, and the facts set forth above are confirmed in the record. Young was not represented by counsel, and testified he had earlier failed to appear in court as ordered because "I was trying to find me a job and I was out of town." The court held him in contempt and sentenced him as before. During the colloquy between the court and Young, the latter stated: "I don't know where I can get it [the money]." And, "I tried. I was doing my best, did what I could. Things have been hard for me."

On December 8, 1986, this court granted Young's Motion for Leave to File Application for a Writ of Habeas Corpus, and admitted him to bail for $1,000.00 "to be obtained from a bail bonding company."

On December 17, 1986, the attorney for Petitioner (ex-wife) filed a Motion to Dismiss the Application for the Writ of Habeas Corpus as being moot, attaching thereto a copy of the court's order dated December 10, 1986, releasing Young from jail after having served "66 days in Jefferson County jail." This motion is denied for these reasons:

■ First, the trial court lost jurisdiction to release Respondent, Young, when this court granted his Motion for Leave to File the Writ of Habeas Corpus, and released him on bail. *Ex parte Spencer*, 508 S.W.2d 698 (Tex.Civ.App.—Texarkana 1974, no writ).

■ Second, the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution imposes a duty on the State to provide counsel to a person who, because of indigency, cannot afford an attorney whenever that person "may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). *See Miranda v. Arizo-*

*na,* 384 U.S. 436, 473 n. 43, 86 S.Ct. 1602, 1627 n. 43, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); *Ex parte Hamill,* 718 S.W.2d 78 (Tex.App.—Fort Worth 1986, no writ); *Ex parte Lopez,* 710 S.W.2d 948 (Tex.App.—San Antonio 1986, no writ); *Ex parte Seymour,* 688 S.W.2d 139, 141 (Tex.App.—Beaumont 1985, no writ).

 Therefore, the Application for a Writ of Habeas Corpus is not moot, as the ex-wife's attorney alleged in his motion to dismiss the same. *See Ridgway v. Baker,* 720 F.2d 1409, 1411 n. 2 (5th Cir.1983), because Respondent Young may suffer "collateral consequences" from the still valid order. *See also State v. Lodge,* 608 S.W.2d 910 (Tex.1980), adopting this exception to mootness.

When the trial court learned from Young his defense of inability to pay the support, and learned of his alleged indigency, he should have informed Respondent Young of his right to counsel which, on a showing of indigency, would be provided by the county. On failing to do so, the subsequent orders of contempt and confinement were void. These orders are hereby vacated and held to be void. The Writ of Habeas Corpus is granted.