**In the Matter of the GUARDIANSHIP OF Jewel W. KELLER, an Incapacitated Person.**

No. 10–04–00118–CV.

Court of Appeals of Texas, Waco.

July 27, 2005.

David J. Patton, Ft. Worth, for appellant/relator.

Scott D. Allen, Wayne S. Weaver, Stephenville, for appellee/respondent.

Connie White, Crouch & White, Hamilton, for other.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Cynthia Zipp perfected this appeal from an order removing her as guardian of the person of Jewel W. Keller, an incapacitated person. Because Keller has since passed away, we will dismiss the appeal as moot.

Several months after Zipp timely perfected this appeal, Keller's attorney ad-litem filed a suggestion of death advising that Keller had passed away. Zipp filed a reply to the suggestion of death, opposing dismissal of this appeal because: (1) it "would deprive Appellant from seeking relief to which she would otherwise be entitled"; (2) this Court's assessment of costs "could result in the reversal of the District Court's payment of attorney's fees to the Appellee's attorney, thus returning Appellee's attorney's fees to the estate of the Ward"; and (3) this Court can make any "appropriate order that the law and the nature of the case require."

The successor guardian/appellee Alisa Wuemling responded to Zipp's pleading with a motion to dismiss this appeal as moot. Wuemling contends that the appeal

is now moot because the death of the ward effectively terminates the authority of the guardian, whose only remaining duty is to file a final accounting to settle the guardianship. Wuemling further contends that dismissal is appropriate because the three issues presented in Zipp's appellant's brief[1] do not address the issue of attorney's fees paid to Wuemling's counsel from Keller's estate and the record does not reflect that the court has ordered the payment of such attorney's fees.

It is axiomatic that ... this Court does not have jurisdiction to address issues which have been rendered moot. *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990); *Tex. Dept. of Pub. Safety v. Ackerman,* 31 S.W.3d 672, 675 (Tex.App.-Waco 2000, pet. denied). Thus, "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001).

*Natl. Cafe Servs., Ltd. v. Podaras,* 148 S.W.3d 194, 197 (Tex.App.-Waco 2004, pet. denied).

▇▇▇ Texas courts have recognized three exceptions to the mootness doctrine: (1) the capable-of-repetition-yet-evading-review exception; (2) the collateral consequences exception; and (3) the public interest exception. *See FDIC v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994); *Natl. Cafe Servs.,* 148 S.W.3d at 197 n. 4; *Ngo v. Ngo,* 133 S.W.3d 688, 691 (Tex. App.-Corpus Christi 2003, no pet.); *Securtec, Inc. v. County of Gregg,* 106 S.W.3d 803, 810–11 (Tex.App.-Texarkana 2003, pet. denied).[2]

[The capable-of-repetition] exception applies only in rare circumstances. To invoke the exception, a [complaining party] must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again.

*Williams,* 52 S.W.3d at 184 (citations omitted). Zipp's appeal does not satisfy this test.

▇▇▇ The collateral consequences exception has been applied when "prejudicial events have occurred 'whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate. Such effects were not absolved by mere dismissal of the cause as moot.' " *OXY U.S.A.,* 789 S.W.2d at 571 (quoting *Spring Branch Indep. Sch. Dist. v. Reynolds,* 764 S.W.2d 16, 19 (Tex. App.-Houston [1st Dist.] 1988, no writ)); *accord Ngo,* 133 S.W.3d at 691. As examples:

(1) the Supreme Court has determined that the effects of an order for temporary inpatient mental health services continued to stigmatize the subject of the order even though the commitment order had expired on its own terms; *State v. Lodge,* 608 S.W.2d 910, 912 (Tex.1980); *see also Campbell v. State,* 68 S.W.3d 747,

---

**1.** Those 3 issues are: (1) "Whether the district court erred in accepting the transfer of the entire cause from the County Court of Hamilton County, Texas and County Court not transferring case to a statutory probate court"; (2) "Whether the district court erred in denying Appellant discovery, thus denying Appellant adequate preparation for trial"; and (3) "Whether the district court erred in removing Appellant as Guardian of the Ward without evidence of cause as set out in § 761 of the Texas Probate Code."

**2.** To date, the Supreme Court has declined to endorse the public interest exception. *See FDIC v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994) (finding it unnecessary to decide the viability of the public interest exception).

753–54 (Tex.App.-Houston [14th Dist.] 2001), *aff'd*, 85 S.W.3d 176 (Tex.2002) (applying *Lodge* to order for extended mental health services);

(2) the Supreme Court has determined that the effects of a juvenile delinquency adjudication continued to stigmatize the person adjudicated even though the person had served his sentence and had reached the age of majority; *Carrillo v. State,* 480 S.W.2d 612, 616–18 (Tex.1972);

(3) several intermediate courts of appeals have determined that the effects of a protective order carry significant collateral legal repercussions and a social stigma even though the protective order has expired. *See In re Salgado,* 53 S.W.3d 752, 757–58 (Tex.App.-El Paso 2001, orig. proceeding); *James v. Hubbard,* 21 S.W.3d 558, 560–61 (Tex.App.-San Antonio 2000, no pet.); *In re Cummings,* 13 S.W.3d 472, 475 (Tex. App.-Corpus Christi 2000, no pet.); and

(4) two courts have determined that the subject of a contempt order in a child support proceeding may still suffer "collateral consequences" after his release from custody. *In re M.E.G.,* 48 S.W.3d 204, 208 n. 5 (Tex. App.-Corpus Christi 2000, no pet.); *Ex parte Young,* 724 S.W.2d 423, 425 (Tex.App.-Beaumont 1987, orig. proceeding) (per curiam).

Conversely, courts have concluded that the "collateral consequences" exception does not apply:

(1) in a child custody dispute in which the child reached the age of majority during the appeal, because a custody dispute between parents does not involve legally cognizable "collateral consequences"; *Ngo,* 133 S.W.3d at 691–92;

(2) in a dispute with a school district in which a child was permitted to participate in a high school track meet over the district's objections and then graduated during the appeal, because "[t]he consequences of not receiving a track medal are trivial compared with the consequences of being wrongfully convicted of a crime, wrongfully declared a juvenile delinquent, or wrongfully committed to a mental institution." *Spring Branch Indep. Sch. Dist.,* 764 S.W.2d at 19.

We do not suggest that the dispute between Zipp and Wumerling may be characterized as "trivial" as the court in the *Spring Branch Independent School District* case characterized the consequences of that dispute. However, the issues Zipp raises in her appellant's brief do not involve the type of stigmatizing consequences inherent in involuntary mental commitments, juvenile adjudications, protective orders, and contempt orders. Therefore, we conclude that the collateral consequences exception does not apply.

■■■ "The public-interest exception allows appellate review of an issue of considerable public importance if that issue is capable of repetition between either the same parties or other members of the public, but for some reason evades appellate review." *Ngo,* 133 S.W.3d at 692; *accord Securtec,* 106 S.W.3d at 810–11; *see also FDIC,* 886 S.W.2d at 767. An issue does not "evade appellate review" if it has been addressed on the merits by appellate courts. *See FDIC,* 886 S.W.2d at 767; *Ngo,* 133 S.W.3d at 692. Our research has disclosed (and the parties have cited) numerous cases addressing the issues presented in Zipp's appellant's brief. Thus, it cannot be said that the types of issues presented in this case will "evade appellate review" in other cases involving similar

issues. Therefore, we conclude that the public interest exception does not apply.

Accordingly, we dismiss the appeal as moot.

Chief Justice GRAY dissents.

TOM GRAY, Chief Justice, dissenting.

The result of Zipp's third issue on appeal, whether the trial court erred in removing her as guardian of the estate of Jewel Keller, will decide who has the duty to wrap up the affairs of Keller's guardianship estate, including the delivery and accounting for the assets of that estate to the personal representative of the decedent's estate. The duly appointed guardian will have to decide questions related to the propriety of payment of various expenses and make an accounting. The question to be decided by this appeal is, in part, who is the duly appointed guardian with that responsibility? This issue is not moot. *See Pinnacle Gas Treating, Inc. v. Read,* 104 S.W.3d 544 (Tex.2003). A guardian is appointed to make decisions on behalf of the guardianship estate. The *current* dispute is; who is the proper person to make these decisions and wind up the affairs of the guardianship estate? That dispute did not die with Ms. Keller. *See Weatherly v. Byrd,* 552 S.W.2d 573, 574 (Tex.Civ.App.-Fort Worth 1977), *rev'd on the merits,* 566 S.W.2d 292 (Tex.1978).

I dissent.