COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-122-CV

 

 

ALLISON SCOTT-RICHTER, INDIVIDUALLY,                            APPELLANTS



A/K/A
ALLISON SCOTT, ALLISON L.

SCOTT,
AS TRUSTEE OF THE THOMAS

EUGENE
SCOTT, JR. LIVING TRUST,

AND
ALLISON L. SCOTT, AS TRUSTEE

OF
THE ALLISON L. SCOTT TRUST

                                                   V.

 

DIANA TAFFARELLO AND                                                      APPELLEES

ROBERT
L. SOLTIS, JR.

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                       I.  Introduction








Appellants Allison
Scott-Richter, Individually, a/k/a Allison Scott, Allison L. Scott, as Trustee
of the Thomas Eugene Scott, Jr. Living Trust, and Allison L. Scott, as Trustee
of the Allison L. Scott Trust (AAppellants,@ if jointly)
appeal from an order granting an amended motion to enforce a settlement
agreement between Appellants and Appellees Diana Taffarello and Robert L.
Soltis (AAppellees,@ if
jointly).  In five issues, Appellants
complain that the trial court erred as a matter of law by granting the amended
motion to enforce the settlement agreement, that the trial court abused its
discretion by denying their request for a jury trial and by awarding attorneys= fees to Appellees, and that the filing of a notice of settlement
constitutes an unlawful taking of property in violation of the United States
and Texas Constitutions.  We affirm.

II.  Factual and Procedural Background

Taffarello filed her original
plaintiff=s petition
on January 29, 2004. Taffarello alleged that she had entered into a real
property lease with Appellants and that Appellants later agreed to sell her the
leased property.  According to the
petition, however, Appellants subsequently advised Taffarello that they would
not sell the property to her.  In
addition to seeking a declaratory judgment regarding her right to continued
possession of the property, Taffarello asserted claims for breach of the real
estate contract, fraud, and breach of a lease agreement.  Appellants answered Taffarello=s petition and asserted a third-party claim against Soltis.








The parties went to mediation
on July 14, 2004 and agreed to a number of terms as evidenced in a written
Memorandum of Settlement (AMemorandum@).  The Memorandum, among other things, indicates
that Taffarello=s lawsuit is
to be dismissed, describes how the net proceeds of the sale are to be divided
after the property is sold, provides for the drafting of a Acompromise settlement agreement@ and Atrust
agreement,@ and
designates a settlement closing date of August 13, 2004, which the parties
later agreed to extend by two weeks.  In
mid-August, counsel for Appellants allegedly advised Taffarello that they would
no longer negotiate regarding the settlement documents.  Appellants= counsel also filed a motion to withdraw and a motion to abate the
case. 

Appellees responded with a
letter dated August 24, 2004, which demanded that Appellants engage in good
faith negotiations in regard to the remaining settlement documents and that the
parties return to mediation. Appellees received no response to the letter, and
consequently, the parties were unable to reach an agreement regarding the
preparation of the additional documents contemplated by the Memorandum.  As such, the parties did not close on the
designated date, and Appellees filed a motion to enforce the settlement
agreement on September 17, 2004; they amended the motion on October 7. 








Appellees= amended motion to enforce the settlement agreement requested that the
trial court declare, among other things, that the Memorandum is a binding Rule
11 settlement agreement,[1]
that the ACompromise
and Settlement Agreement@ attached to
the motion is the compromise settlement agreement specified in the Memorandum,
that the ACole Richter
Irrevocable Trust Agreement@ also attached to the motion is the trust instrument specified in the
Memorandum, and that the ANotice of
Settlement@ attached to
the motion is Aproper and
appropriate.@ 

On October 13, 2004, the
trial court heard arguments on the pending motions, which included a motion
filed by Appellants to continue the hearing on the motion to enforce because of
their attorney=s pending
motion to withdraw.  The trial court
ultimately granted Appellants= counsel=s motion to
withdraw, recessed the hearing on the amended motion to enforce the settlement
agreement until a later date, ordered the parties to return to mediation, and
awarded Appellees $5,000 in attorneys= fees. 








The parties returned to
mediation but were unable to reach a compromise regarding the terms of the
Memorandum calling for further agreement. 
On November 15, 2004, Appellees filed their first amended petition and
third-party defendant counterclaims, which, in addition to re-asserting claims
for breach of the real estate contract and lease agreement, asserted a claim
for breach of the Memorandum.  On
November 19, 2004, the parties entered into a second Rule 11 agreement, which
partially provided:

We have
agreed that your clients, Allison Scott, a/k/a Allison Scott-Richter,
individually, and as Trustee of the Thomas Eugene Scott, Jr., Living Trust, and
as Trustee of the Allison L. Scott Trust (collectively, AScott@), will not
challenge the validity or enforceability of the Memorandum of Settlement dated
July 14, 2004 (the AMemorandum@) by and between Scott and Diana Taffarello (ATaffarello@) and Robert
Soltis, Jr. (ASoltis@).  In particular, but without
limiting the generality of the foregoing, Scott agrees not to raise lack of
competency, duress, lack of essential term(s), tax effect or consequences,
violation of any other trust, or any other matter as a bar or defense to the
Memorandum.  Scott further agrees that
she will not challenge or contest the Amended Motion to Enforce Settlement
Agreement filed by Taffarello and Soltis. 
[Emphasis added.] 

Notwithstanding this
language, Appellants filed a request for a jury trial on December 14,
2004.  The trial court heard the amended
motion to enforce the settlement agreement three days later on December 17, and
despite Appellants= arguments
that they were entitled to a jury trial on Taffarello=s breach of contract claim, the trial court granted the motion to
enforce. 

Appellants filed a motion for
new trial on January 18, 2005, which the trial court subsequently denied.  This appeal followed.

III.  Jurisdiction








We begin our analysis by
determining whether we have jurisdiction to consider this matter.  Appellees assert that this appeal should be
dismissed for lack of jurisdiction because Appellants= notice of appeal was not timely filed.  We disagree.

The trial court signed its
final judgment on December 17, 2004. Appellants timely filed a motion for new
trial; therefore, Appellants= notice of appeal was due on or before March 17, 2005.  See Tex.
R. App. P. 26.1(a)(1).  On March
30, 2005, Appellants filed their notice of appeal with the District Clerk of
Denton County, Texas.  On April 6, 2005,
we notified Appellants of our concern that the notice of appeal was not timely
filed.  We informed Appellants that if we
did not receive a response from them within twelve days showing a reasonable
explanation for the late filing of the notice of appeal, the appeal could be
dismissed for want of jurisdiction.  See  Tex.
R. App. P. 10.5(b), 26.3(b), 42.3(a); Jones v. City of Houston,
976 S.W.2d 676, 677 (Tex. 1998); Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997). 








Appellants responded by
filing a motion for extension of time to file their notice of appeal.  Because Appellants= motion was not filed within fifteen days of the date the notice of
appeal was due, we were not authorized to grant the motion, and we took no
action on the motion.  See Tex. R. App. P. 26.3.  However, inasmuch as Appellants filed their
notice of appeal with the proper trial court clerk within fifteen days of the
due date, a motion for extension of time was necessarily implied.  See Verburgt, 959 S.W.2d at 917
(holding a motion for extension of time is necessarily implied when an
appellant acting in good faith files a document attempting to perfect the
appeal beyond the time allowed by the appellate rules, but within the fifteen‑day
period in which the appellant would be entitled to move to extend the filing
deadline).

Accordingly, we construed
Appellants= motion as a
response to our April 6, 2005 letter questioning our jurisdiction.  Consequently, the question before us was
whether Appellants provided a reasonable explanation for the late filing of
their notice of appeal within the fifteen-day period of Rule 26.3.  See Tex.
R. App. P. 26.3; Hone v. Hanafin, 104 S.W.3d 884, 886-87 (Tex.
2003); Jones, 976 S.W.2d at 677; Verburgt, 959 S.W.2d at
617.  Appellants explained that their
failure to timely file their notice of appeal was not deliberate or
intentional, but was the result of inadvertence, mistake, or mischance in the
calculation of the deadline and the mis-docketing of such date on the calendar
of Appellants=
counsel.  On April 18, 2005, we issued an
order finding that Appellants had provided a reasonable explanation for the
late filing of their notice of appeal. 








Appellees filed a motion
asking us to reconsider our order. 
Appellees asserted that the notice of appeal was not timely filed, and
they further contended that this appeal must be dismissed because the body of
Appellants= notice of
appeal recites, AThis appeal
is taken to the Fifth Court of Appeals of the State of Texas in Dallas, Texas.@ 

On May 9, 2005, we denied
Appellees= motion for
reconsideration and permitted Appellants ten days to file an amended notice of
appeal reciting that they were appealing to the Court of Appeals for the Second
District of Texas.  See Tex. R. App. P. 25.1(d)(4), (f)
(providing that an Aamended
notice of appeal correcting a defect or omission in an earlier filed notice may
be filed in the appellate court@), Tex. R. App. P. 44.3
(AA court of appeals must not . . . dismiss an appeal for formal defects
or irregularities in appellate procedure without allowing a reasonable time to
correct or amend the defects or irregularities.@); Maxfield v. Terry, 888 S.W.2d 809, 811 (Tex. 1994) (holding
that if an appellant makes a bona fide attempt to invoke the jurisdiction of
the appellate court, the appellant must be permitted to file an amended notice
of appeal); Crown Life Ins. Co. v. Estate of Gonzalez, 820 S.W.2d 121,
121-22 (Tex. 1991) (A[T]he
decisions of the courts of appeals [should] turn on substance rather than
procedural technicality.@).  Appellants timely filed an amended notice of
appeal that complied with the requisites of Rule 25.1(d).  See Tex.
R. App. P. 25.1(d). 








Accordingly, we hold that
Appellants offered a reasonable explanation for the late filing of their notice
of appeal,[2]
which they timely amended, and we have jurisdiction over this appeal.[3]


IV.  Request for Jury Trial








In their first issue,
Appellants argue that the trial court abused its discretion by denying their
request for a jury trial.  They contend
that their demand for a jury trial was timely and that their federal constitutional
rights under the Seventh Amendment to the United States Constitution, their
state constitutional rights under Article 5, Section 10 of the Texas
Constitution, and their statutory rights under Texas Rule of Civil Procedure
216 were violated. Appellees respond that Appellants= request for a jury trial pertains only to Appellees= breach of contract claim, which was abandoned by Appellees and
dismissed by the order granting the amended motion to enforce the settlement agreement
and final judgment.  We agree.

Appellants argued repeatedly
during the hearing on the amended motion to enforce the settlement agreement
that they were entitled to a jury trial on Appellees= breach of contract (Memorandum) claim.  Counsel for Appellants argued, 

In
that First Amended Petition . . . Mr. Spoede asserted a claim for breach of
contract of the Settlement Agreement and a claim for declaratory judgment.  Both of those claims are claims that under
Article 5, Section 10 of the Texas 
Constitution, these defendants are entitled to a trial by jury on those
claims. 

 

Counsel continued,

[I]f
the Court construes, and we believe the Court cannot reach any other conclusion
but that there are still two breaches of Settlement Agreement B two
causes of action still outstanding, then this matter needs to go ahead and
proceed to trial in February as the Court currently has it set. 

 

. . . .

[I]f
they are asserting a claim for breach of contract, they=re
required to prove the breach of contract. . . . 
My clients have the right, based on the current state of the pleadings,
to do discovery on this claim of breach of contract and declaratory judgment,
to call witnesses, to have documents produced, to take depositions, and most
important, to try to have a jury trial in connection with this. 

 

 

 

 








Finally, counsel argued,

We
believe that the Court ought to set this matter for trial, that Ms. Scott and
the remaining defendants ought to be allowed the opportunity as they are given
the right under the Texas Constitution to defend against the claims of breach
of contract and the declaratory judgment claims . . . .

 

Counsel for Appellees, however, responded that
they were withdrawing the breach of contract claim.  He said, 

Once
he [opposing counsel] signed the Rule 11 Agreement saying that he wouldn=t
oppose our Amended Motion to Enforce, it made everything moot.  Everything settled except for the issue of
attorney=s
fees.  So to the extent we do have other B the
same claims couched as other causes of action, we withdraw those causes of
action because [the trial court=s] order gives us all the
relief we were seeking in the first place. 
[Emphasis added.] 

 

At the conclusion of the
hearing, the trial court, in response to a question by Appellants regarding the
effect of the order as it relates to the breach of contract claim, stated it
understood that Appellees were Aabandoning or waiving many of those claims.@  Counsel for Appellees
responded that the order Aspeaks for
itself.@  Indeed, the order signed by
the trial court provides that A[a]ny claims in this lawsuit that are not specifically addressed in
this Order and Judgment, including all claims, counter-claims, cross-claims,
and third-party claims, are dismissed with prejudice to the refiling of same.@ 








Our review of the order
indicates that it does not address Appellees= breach of contract claim, specifically or as part of its declarations.  Thus, because Appellees withdrew their breach
of contract claim during the hearing and because the order granting the amended
motion to enforce the settlement agreement expressly dismisses the breach of contract
claim, Appellants= argument
that they are entitled to a jury trial on Appellees= breach of contract claim is moot. 
See Tex. R. App. P.
47.1; Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2000) (reasoning that
case is moot if live controversy ceases to exist); In re Guardianship of
Keller, 171 S.W.3d 498, 500 (Tex. App.CWaco 2005, pet. filed) (reasoning that appellate courts lack
jurisdiction to consider issues that have been rendered moot).  Moreover, to the extent Appellants= argument can be interpreted as challenging the denial of a jury trial
on the declaratory judgment claims as violative of Article 5, Section 10 of the
Texas Constitution and the Seventh Amendment to the United States Constitution,
the record reflects that Appellants agreed by the November 19, 2004 Rule 11
agreement not to challenge or contest the amended motion to enforce the
settlement agreement, which the order tracks substantially verbatim.  Accordingly, the trial court did not abuse
its discretion by denying Appellants= request for a jury trial.  We
overrule Appellants= first
issue.

 

 








V.  Amended
Motion to Enforce Settlement Agreement and Constitutional Challenges

 

In their second issue,
Appellants argue that the trial court erred as a matter of law by granting the
amended motion to enforce the settlement agreement because it had the effect of
imposing additional material terms to the agreement that the parties had yet to
negotiate and agree upon.  Appellants
contend that there is no evidence or insufficient evidence that they agreed to
be bound by the compromise settlement agreement, trust agreement, and notice of
settlement and that the issue of whether they agreed to be bound by the terms
of these agreements should have been set for a jury trial.  In their third issue, Appellants argueCwithout citing any authorityCthat the denial of their right to a jury trial on these issues denied
them due process under the Texas and federal constitutions and constituted an
unlawful taking of property under the Fifth Amendment to the United States
Constitution.  In their fourth issue, Appellants
argueCwithout citing any authorityCthat the filing of the ANotice of Settlement@ in Denton County results in an unconstitutional taking of
property.  Appellees respond that the
November 19, 2004 Rule 11 agreement resolved any dispute as to the
enforceability of the settlement agreement and the documents drafted to
effectuate it.  We agree.








Pursuant to Rule 11, no
agreement between the parties or their attorneys shall be enforceable unless
the agreement is either (1) in writing, signed by the parties, and filed with
the papers as part of the record or (2) made orally in open court and entered
as part of the record.  Tex. R. Civ. P. 11.  Rule 11 aims to eradicate the misunderstandings
and controversies commonly associated with verbal agreements among parties and
counsel.  Padilla v. LaFrance, 907
S.W.2d 454, 460 (Tex. 1995).  Agreements
in writing and filed with the court allow the writings to Aspeak for themselves@ so that Athe court
can judge of their import, and proceed to act upon them with safety.@  Id.  A trial court has a ministerial duty to
enforce a valid Rule 11 agreement.  ExxonMobil
Corp. v. Valence Operating Co., 174 S.W.3d 303, 309 (Tex. App.CHouston [1st Dist.] 2005, pet. filed).








Here, the clerk=s record contains a ANotice of Filing of Rule 11 Agreement.@  The document states that it Ais an enforceable agreement under Rule 11 of the Texas Rules of Civil
Procedure,@ contains
the signatures of both Appellants= and Appellees= attorneys,
and was filed with the trial court as part of the record on December 8,
2004.  Dated November 19, 2004, the
agreement states that Scott[4]
Aagrees that she will not challenge or contest the Amended Motion to
Enforce Settlement Agreement filed by Taffarello and Soltis.@  [Emphasis added.]  We hold that the attorneys, on behalf of
their clients, entered into a valid Rule 11 Agreement that the trial court had
a ministerial duty to enforce.  See Tex. R. Civ. P. 11; ExxonMobil Corp.,
174 S.W.3d at 309.








The amended motion to enforce
the settlement agreement that Appellants agreed not to contest sought a
declaration by the trial court that the Memorandum entered into by the parties
on July 14, 2004 is a binding and enforceable Rule 11 settlement agreement;
that the ACompromise
and Settlement Agreement@ attached to
the amended motion as exhibit AB@ constitutes
the compromise settlement agreement specified in paragraph 4 of the Memorandum;
that the ACole Richter
Irrevocable Trust Agreement@ attached to the amended motion as exhibit AC@ is the
trust instrument or agreement specified in paragraphs 4 and 5 of the
Memorandum; and that the ANotice of
Settlement@ attached to
the amended motion as exhibit AD@ is Aproper and appropriate@ and may be filed in the real property records of Denton County,
Texas.  Despite the valid Rule 11
agreement entered into by the parties, Appellants now attempt to challenge the ACompromise and Settlement Agreement,@ the ACole Richter
Irrevocable Trust Agreement,@ and the ANotice of
Settlement@ by arguing
that they never agreed to the terms contained therein and by arguing that their
rights under the United States and Texas Constitutions have been denied.  This they cannot do.  Appellants expressly agreed not to challenge
the amended motion to enforce the settlement agreement.  By so agreeing, they foreclosed their ability
to complain on appeal regarding the terms of the motion and subsequent order
granting the same.  As Appellees state in
their brief, 

By executing the Nov. 19 Rule 11 Agreement,
counsel resolved the very issues he now attempts to challenge in this appeal:
the enforceability of the mediated settlement agreement and the documents
drafted to effectuate it. . . . 
Moreover, the amended motion to enforce incorporates each of the
documents Scott now claims go beyond the settlement agreement.  Appellants agreed to each one by agreeing not
to contest the amended motion to enforce. 

 

The trial court=s order granting Appellees= motion to enforce the settlement agreement and final judgment tracks
the language in the motion closely and states,

1.  The
Memorandum of Settlement entered into by the parties and dated July 14, 2004,
is declared to be a binding and effective settlement agreement that is
enforceable under contract law and under Rule 11of the Texas Rules of Civil
Procedure. . . .

 

2. . . . 
The Compromise and Settlement Agreement is hereby declared to constitute
the compromise settlement agreement specified in paragraph 4 of the Memorandum
of Settlement, and to be a final and binding agreement of all of the parties as
if each party hereto had properly signed and executed it. . . .

 








3. . . . 
The Cole Richter Irrevocable Trust Agreement is hereby declared to be
that trust instrument or agreement specified or referenced in paragraphs 4 and
5 of the Memorandum of Settlement, and in paragraphs 2 and 3 of the Compromise
and Settlement Agreement, and shall be fully enforceable and effective as if
properly signed and executed by each of the parties. . . .

 

4.  The
document attached as Exhibit AB@ to
the Compromise and Settlement Agreement [entitled Notice of Settlement and Net
Sales Proceeds Interest] is hereby declared to be proper and appropriate.  Taffarello may sign and file the Memorandum
in the real property records of Denton County, Texas. 

 








Appellants never challenged
the validity and enforceability of the November 19, 2004 Rule 11 agreement
(e.g., by attacking it on the grounds of fraud or mistake or by arguing that an
exception applies), and they do not raise such a challenge on appeal.  And the Rule 11 agreement is clear and
unambiguous.  Accordingly, because
Appellants agreed not to challenge or contest the amended motion to enforce the
settlement agreement pursuant to a valid Rule 11 agreement, the trial court did
not err by performing its ministerial duty and granting Appellees= amended motion to enforce the settlement agreement.  See Tex.
R. Civ. P. 11; ExxonMobil Corp., 174 S.W.3d at 309; see also
Childers v. King Ranch, Inc., No. 13-03-0006-CV, 2005 WL  774512, at *5 (Tex. App.CCorpus Christi April 7, 2005, no pet.) (mem. op.) (holding trial court
did not abuse its discretion by granting relief in strict accordance with
parties= rule 11 agreements).  We
overrule Appellants= second,
third, and fourth issues.

VI.  Attorneys= Fees

In their fifth issue,
Appellants argue that the trial court abused its discretion by awarding
Appellees attorneys= fees.  Appellants contend that the trial court
should not have considered Appellees= request for attorneys= fees because Appellants were without legal representation at the time
of the award, the award was premature, and Appellants were entitled to a jury
trial on the issue of attorneys= fees.

We initially note that
Appellants failed to present any of these arguments during the October 13, 2004
hearing at which the trial court awarded Appellees attorneys= fees; thus, they failed to put the trial court on notice of their
objections to the award.  See Tex. R. App. P. 33.1(a)(1)(A).  After counsel for Appellees requested $5,000
in attorneys= fees, the
trial court asked for a response from Appellants= counsel, who stated, AWell, obviously, we oppose that.@  The trial court indicated
thereafter that it was awarding Appellees the attorneys= fees.  Appellants also fail to
cite one single authority for each of the three arguments raised in their
brief.  See Tex. R. App. P. 38.1(h).  Accordingly, Appellants failed to preserve
these arguments for appellate review.













Nonetheless, Appellants= arguments are unpersuasive. 
Appellants were not without counsel at the time the trial court awarded
Appellees attorneys= fees.  The record clearly indicates that the trial
court awarded Appellees attorneys= fees before granting Appellants= counsel=s motion to
withdraw. Moreover, as demonstrated above, the trial court afforded Appellants
an opportunity to argue against the request for attorneys= fees.  Regarding Appellants= prematurity argument, the trial court had two subsequent
opportunities to consider the award; Appellants filed their AMotion for Reconsideration or to Set Aside Order Granting Attorney=s Fees@ on December
16, 2004 and motion for new trial on January 18, 2005.  The trial court ultimately upheld the award
of attorneys= fees.  Appellants lastly argue that they are
entitled to a jury trial on the issue of attorneys= fees because Athe right to
such recovery was necessarily predicated upon Appellees= successful prosecution of their claims that the Memorandum was an
enforceable agreement and that the Appellants had breached it.@  However, as we discussed in
Section IV above, Appellees waived their breach of contract claim in open
court, and the order granting their amended motion to enforce the settlement
agreement expressly dismisses all claims not addressed in the order, which
includes Appellees= breach of
contract claim.  We hold that the trial
court did not abuse its discretion by awarding Appellees attorneys= fees.  Accordingly, we overrule
Appellants= fifth
issue.

VII.  Conclusion

Having overruled all of
Appellants= issues, we
affirm the trial court=s judgment. 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and McCOY, JJ.

 

DELIVERED:  February 2, 2006











[1]Tex. R. Civ. P. 11. 





[2]On
appeal, Appellees do not challenge the reasonableness of Appellants=
explanation for the late filing of their notice of appeal.  See Hone, 104 S.W.3d at 886-87
(discussing what constitutes a reasonable explanation for late filing of a
notice of appeal).





[3]Appellees=
brief states that Appellants filed a motion for extension of time to file their
notice of appeal in the Court of Appeals for the Fifth District of Texas, which
refused to act.  Our record does not
contain any such motion, but even if it did, the motion would not have any
significance in our decision that Appellants offered a reasonable explanation
for the filing of their notice of appeal with the proper trial court clerk
within fifteen days of the due date. 

 





[4]In
the agreement, Scott refers to Appellants, i.e., Scott in all of her
capacities.