**LONE OAK INDEPENDENT SCHOOL DISTRICT et al., Petitioners,**

v.

**Edward Ray BELL, a minor, By Allie May Henderson As Next Friend, Respondent.**

**No. B–4613.**

Supreme Court of Texas.

July 25, 1974.

G. C. Harris, Greenville, Woodruff & Smith, Robert P. Woodruff, Dallas, for petitioners.

Kennedy & Minshew, Jack G. Kennedy, Sherman, Smith E. Gilley, Greenville, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Allie May Henderson instituted this injunction suit as next friend for Edward Ray Bell, her seventeen-year-old son. Edward Ray complained that the Lone Oak Independent School District in May, 1973, advised him that he would not be permitted to play football during his senior year in high school by reason of his marriage in the spring of 1973. On August 24, 1973, the trial court denied Edward Ray's prayer that the School District be temporarily enjoined from enforcing its order which prohibits his participation as a member of the football team. Edward Ray perfected his appeal on August 31, 1973, and on February 26, 1974, the court of civil appeals granted the temporary injunction. The record was filed in this court on May 3.

At the time of the hearing in the trial court Edward Ray was a senior, but we are advised by counsel that he has now been graduated from Lone Oak High School and is no longer a student of the school district. In such a situation our proper order is one which sets aside the order for the temporary injunction and dismisses that part of the cause leaving the main case still pending. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952).

We grant the writ of error without reference to the merits of the matter decided below. The order of the court of civil appeals which granted the temporary injunction is set aside, and the cause, insofar as it relates to the matter of a temporary injunction, is dismissed. Rule 483. Johnson v. City of Corpus Christi, 419 S.W.2d 201 (Tex.1967); Downs v. City of Abilene, 391 S.W.2d 41 (Tex.1965); Cameron v. Saathoff, 162 Tex. 124, 345 S.W.2d 281 (1961).