Cynthia ZIPP, Petitioner,

v.

Alisa WUEMLING, Individually and as the Guardian of the Estate and Person of Jewel W. Keller, Respondent.

No. 05–0731.

Supreme Court of Texas.

March 9, 2007.

David J. Patton, Euless, Stephanie Katriana Gonzalez, Grapevine, for Petitioner.

Wayne S. Weaver and Scott D. Allen, Stephenville, for Respondent.

Connie White, Crouch & White, Hamilton, for interested party Jewel W. Keller.

PER CURIAM.

Cynthia Zipp challenges the Tenth Court of Appeals' decision to dismiss as moot her appeal of a district court's guardianship decision. We reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings consistent with this opinion.

Approximately two years after Jewel W. Keller was incapacitated, and upon the resignation of a prior guardian, the County Court of Hamilton County appointed Zipp to be the guardian of Keller's person and estate. When a dispute arose between Zipp and Keller's family, the county court transferred the case to the 220th District Court. After a bench trial, the district court ordered Zipp removed for cause and appointed Alisa Wuemling as successor guardian.[1] Zipp appealed her removal to the court of appeals. During the pendency of that appeal, Keller died of natural causes. A divided court of appeals concluded that Keller's death rendered Zipp's complaint moot and, holding no justiciable controversy existed, dismissed the appeal. 171 S.W.3d 498, 502 (Tex.App.-Waco 2005, pet. granted).

Zipp raises two issues. First, she contends the court of appeals erred in dismissing her appeal as moot because, despite Keller's death, there remains a controversy between Zipp and Wuemling over who should wind up the affairs of the estate. Second, Zipp argues her appeal is not moot because she has a legally cognizable interest in guardian fees, attorney's fees, and costs.

---

1. The district court removed Zipp as guardian and appointed Wuemling successor guardian pursuant to section 761(c)(5), (6), and (7) of the Probate Code. The court justified Zipp's removal by stating it found: (1) Zipp moved from the area of Keller's residence; (2) she neglected to maintain Keller "as liberally as the means of [Keller] and the condition of [Keller's] estate permit"; and (3) she interfered with Keller's "progress and participation in programs in the community and her family."

Wuemling argues the issue of guardianship became moot with Keller's death because a guardian of the person is no longer necessary and, as the current guardian, she is the only one who should be charged with the duty of preserving Keller's estate. The real parties in interest, Wuemling reasons, are not Zipp and Wuemling but rather Keller and her estate. Reinstating Zipp as guardian, Wuemling contends, would result in Wuemling having to prepare and file a final accounting, submit it to the court, and then turn over any remaining assets to Zipp, who would use the information to submit her own final report as successor guardian. Such needless duplication of effort and cost to the estate, Wuemling argues, would run counter to sound public policy.

Wuemling also contends Zipp waived any claim to guardian fees, attorney's fees, and costs by failing to preserve error and argues Zipp's claim to guardian fees was forfeited when the district court removed her for cause. *See* Tex.R.App. P. 33.1(a); Tex. Prob.Code § 665(e)(2). The district court's finding of cause for removal, Wuemling argues, should stand because a district court's findings of fact should generally not be disturbed on appeal and Zipp failed to urge that the finding was against the great weight and preponderance of the evidence.

■■■ An appeal is moot when a court's action on the merits cannot affect the rights of the parties. *VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993). Thus, the death of a party can, under certain circumstances, render an appeal moot. *See, e.g., Olson v. Comm'n for Lawyer Discipline,* 901 S.W.2d 520, 524–25 (Tex.App.-El Paso 1995, no writ) (holding an appeal of a judgment in an attorney disciplinary action, pursued by the attorney's widow, was moot because the judgment did not affect the property rights of

the parties involved). But neither party to this controversy has died. Instead, though Keller died, the repercussions of the controversy between Zipp and Wuemling continue. Someone, whether Zipp, Wuemling, or someone else, will ultimately be required to present a final accounting of the guardianship estate to the district court. The trial court found Zipp was disqualified from doing so and appointed Wuemling. Zipp has a right to appeal that decision. Allowing her appeal, which could foreseeably result in her reinstatement as guardian, will not, as Wuemling argues, result in needless duplication of effort and cost to the estate. To the contrary, the interests of the estate require full consideration of Zipp's claims because an estate is best served by the person the courts deem most qualified to perform guardianship duties. Moreover, Wuemling is incorrect that the real parties in interest in this case are Keller and her estate. With Keller's death and the guardianship of her person no longer at issue, the parties with a remaining interest in this dispute are the parties relevant to the guardianship of Keller's estate, namely Zipp, Wuemling, and the estate itself. All of those parties' interests are best served by hearing the merits of Zipp's appeal.

At the heart of this controversy is whether there was just cause for Zipp's removal as guardian. The Probate Code makes a guardian's fees and her obligation to pay the costs and attorney's fees incurred by removal dependant on this determination. *See* Tex. Prob. Code §§ 665(e)(2), 668(1)-(2). Thus, her appeal is not moot. *See Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 643 (Tex.2005) ("Hallman's remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot."); *Pinnacle Gas Treating, Inc. v. Read,* 104 S.W.3d 544, 545–46 (Tex.2003) ("Because an appellate court's action in either affirm-

ing or reversing the trial court's dismissal order would affect substantial rights of the parties ... there is a live issue in controversy...."). Wuemling contends the trial court's finding of cause to remove Zipp as guardian should not be disturbed on appeal and argues that, regardless, Zipp failed to preserve the issues of guardian fees, attorney's fees, and costs. But these are the very issues the court of appeals should have addressed; they in no way indicate the mootness of the underlying controversy. The court of appeals should have, at a minimum, reviewed the record to determine whether Zipp preserved error and, if so, considered the merits of Zipp's claims.

■ It is axiomatic that, with the death of the ward, the guardianship of the person must end. *See Alford v. Halbert*, 74 Tex. 346, 12 S.W. 75, 76 (1889) ("Death of the ward necessarily terminates the guardianship.") (quoting *Fortson v. Alford*, 62 Tex. 576, 580 (1884)). But the estate must still be settled. Tex. Prob.Code § 745(a)(2). When there is a dispute as to who shall settle the estate, a justiciable controversy exists. *See Weatherly v. Byrd*, 552 S.W.2d 573, 574 (Tex.Civ.App.-Fort Worth 1977) (overruling appellant's motion to declare the case moot after the ward's death), *rev'd*, 566 S.W.2d 292 (Tex. 1978) (reversing on the merits without addressing the mootness issue). In this case, two of Zipp's issues remain in controversy: (1) whether the district court properly removed Zipp as guardian, and (2) whether Zipp has a legally cognizable interest in fees and costs.

Accordingly, we reverse the court of appeals' judgment and remand the case to that court for further proceedings consistent with this opinion.