

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00055-CV
_____

ARDENNA M. CADDELL AND
BILLIE J. MUMPHREY, Appellants

V.

SABINE INDEPENDENT SCHOOL DISTRICT,
KILGORE COLLEGE AND GREGG COUNTY, Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2007-2075-CCL2

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A bill of review is an independent equitable action brought by a party to the former action seeking to set aside a judgment, which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Here, the plaintiffs/appellants filed a petition for a bill of review in a former action to which they were not parties. The trial court found the plaintiffs/appellants did not have standing to bring the action and dismissed for want of subject-matter jurisdiction. The trial court's action was proper.

This matter originates from a delinquent tax suit that resulted in the sale of real estate. A judgment was taken by the taxing entities against Jean Young, successor guardian of the person and estate of Lorine Mumphrey Henry, an incapacitated person, et al., on February 3, 2004. Following that, a tax sale was conducted and the foreclosed property was sold to Barbara Ann Kenna. After payment of the taxes due, the excess funds were placed in the registry of the court. An assignment of interest in the excess proceeds was executed and filed by Helen Fauver, who claimed to be the sole heir of "Loraine" Mumphrey Henry (now deceased). A judgment to pay the excess funds of $63,237.26 to Douglas Asset Investigation & Recovery Services, assignee of the former owner of the property, Estate of Lorine Mumphrey, an incapacitated person, was signed by the trial court on August 25, 2005. In the judgment, the trial court found that all necessary parties and taxing authorities had been given proper notice pursuant to Section 34.04(c)(5) of the Texas Tax Code. The

appellants filed this bill of review action in April 2008, alleging irregularities in the judgment and claiming they are the proper heirs of Lorine Mumphrey Henry.

This case appears to raise several issues that are not before us. There is some evidence that Lorine Mumphrey Henry was deceased at the time the tax suit was filed against her guardian. In such a case, the active guardianship ceases. *Zipp v. Wuemling*, 218 S.W.3d 71, 74 (Tex. 2007). We have no evidence or information before us as to the procedural safeguards that were used when the excess funds were disbursed or whether the funds were distributed to the proper parties, but we presume the procedure was proper. We cannot answer questions that are not before us. The only matter properly before us now is an appeal of the bill of review proceeding filed by these appellants. Perhaps the appellants have other remedies, but as we have explained, they were not parties to the original suit. Since that is a prerequisite to filing a bill of review action to set aside a judgment, the appellants have no standing in this matter and the trial court properly dismissed their case for lack of jurisdiction.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:      December 8, 2008
Date Decided:        December 12, 2008


3