Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00567-CV

**IN THE GUARDIANSHIP OF BILLY WAYNE NORRIS**,
An Incapacitated Person,

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2007-PC-2198
Honorable Tom Rickhoff, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Rebecca Simmons, Justice

Delivered and Filed: January 6, 2010

DISMISSED AS MOOT

This is an appeal from Probate Court No. 2, Bexar County, Texas. Appellant Judith Allan ("Allan") appeals the probate court's July 28, 2008, order appointing Steven Norris ("Norris") guardian of the estate of Billy Wayne Norris. Allan presents two issues on appeal. First, Allan asks us to decide if the probate court erred by appointing Norris as the guardian of the estate of Billy Wayne Norris because it lacked jurisdiction to do so. Specifically, Allan argues the probate court "lack[ed] jurisdiction to appoint a guardian of an estate located wholly in Louisiana." Second, Allan asks us to decide if the probate court erred by denying her request to transfer the guardianship case to a Louisiana court. After the appeal was set for submission, the probate court removed Norris as

the guardian of the estate and transferred the case to Louisiana. For the following reasons, we dismiss this appeal as moot.

## Mootness

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000). If a controversy ceases to exist—in other words, if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome—the case becomes moot. *Id*. "An appeal is moot when a court's action on the merits cannot affect the rights of the parties." *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007).

## Relevant Background

After Billy Wayne Norris became incapacitated, his children, Allan and Norris, filed guardianship proceedings in Texas and in Louisiana and obtained orders appointing guardians from courts in both states. Although Billy Wayne Norris was living in Texas when the guardianship proceedings were filed, almost all of the property he owned—including real property—was located in Louisiana.

While the instant appeal was pending, Allan filed a motion in the Texas probate court to remove Norris as guardian of the estate. The Texas probate court heard the motion and, on May 13, 2009, signed an order that gave full faith and credit to a Louisiana court's guardianship order, removed Norris as guardian of the estate, dismissed all pending litigation, and transferred the guardianship to Louisiana. Specifically, in its May 13, 2009, order, the Texas probate court (1) gave

full faith and credit to a Louisiana order appointing Allan as curator of Billy Wayne Norris's person and John Dean as curator of Billy Wayne Norris's "affairs/property;" (2) ordered Norris "in effect removed as guardian of the estate of Billy Wayne Norris" and "all letters of guardianship issued to Steven Norris" "revoked as of May 8, 2009" and "of no further effect;" (3) ordered "all pending litigation, including all pending applications for reimbursement and attorney fees, in this cause, 2007 PC 2198, and cause number 2007 PC 2198-A" "dismissed with prejudice for lack of jurisdiction;" and (4) ordered the case "transferred to the State of Louisiana pending acceptance of the guardianship by the foreign jurisdiction."

On May 18, 2009, Allan informed the clerk of this court by letter that she expected to move for voluntary dismissal of this appeal, provided the May 13, 2009, order was not appealed. Although the May 13, 2009, order was not appealed, Allan did not move for voluntary dismissal of this appeal. On October 15, 2009, Allan informed the clerk of this court by letter that the ward in this case, Billy Wayne Norris, had died. Allan still did not move for voluntary dismissal of this appeal.

We have issued two show cause orders in this case. In our first show cause order, dated August 14, 2009, we directed the parties to demonstrate why this appeal was not rendered moot by the probate court's May 13, 2009, order. Allan responded, asserting the appeal was not moot because the probate court's order was contingent on the Louisiana court's acceptance of the transfer. After considering the response, we issued an order abating the appeal and directing the parties to report monthly on the status of the transfer. We did not, however, decide if the appeal was moot.

In our second show cause order, dated November 6, 2009, we directed the parties to demonstrate why this appeal was not rendered moot by the death of the ward. Allan responded,

asserting this appeal is not moot because the case "remains in limbo, not yet accepted by the courts of the State of Louisiana and pseudo-transferred by the Texas probate court." Allan further asserted this appeal is not moot because "[i]f the Louisiana court does not accept jurisdiction, the only way this guardianship will be closed down is by someone, albeit probably one of the parties, presenting a final accounting of the guardianship estate to the [probate] court."

## DISCUSSION

Allan's position is that neither the May 13, 2009, order, nor the death of Billy Wayne Norris render this appeal moot. In support of her position, Allan emphasizes the language in the Texas probate court order stating the case was transferred "pending acceptance of the guardianship" by the Louisiana court. According to Allan, a controversy still exists because the case remains pending in the Texas probate court. We disagree.

Here, the Texas probate court not only transferred the guardianship of the estate to Louisiana, but it also dismissed all pending litigation. The only part of the May 13, 2009, order that appears to be conditioned on acceptance by the Louisiana court is the transfer portion of the order. And, although more than six months have elapsed since the Texas probate court first ordered the guardianship transferred to the Louisiana court, there is no indication the Louisiana court has declined to accept the transfer. To the contrary, there is some indication the Louisiana court is exercising jurisdiction. On October 14, 2009, Norris filed a status report with the clerk of this court stating that although the Louisiana court had not issued an order accepting jurisdiction, it had appointed an administrator of the estate and appeared to be exercising jurisdiction. Additionally, the Texas probate court's current docket sheet shows there has been no action in the Texas court since

the May 13, 2009, order, except for the filing of a final report on the condition and well-being of the ward. Thus, nothing is pending in the Texas probate court.

As further support for her position, Allan cites a Texas supreme court case holding the appeal of an order removing a guardian was not rendered moot by the death of the ward. *See Zipp*, 218 S.W.3d at 73. In *Zipp*, the court reasoned that, even though the ward had died, the repercussions of the controversy between the litigants continued because someone, either the appellant, the appellee, or someone else, would ultimately be required to present a final accounting of the guardianship estate to the court. *Id*.

The present case, however, is distinguishable from *Zipp*. First, in *Zipp* the guardianship had not been transferred to another court. Second, in *Zipp* the order challenged on appeal was an order *removing* a guardian of the estate. Thus, allowing the appeal could foreseeably result in the reinstatement of the guardian, and the appellate court's decision on the merits of the appeal could in fact determine the party responsible for presenting the final accounting. *See id*. By contrast, this appeal could not result in the reinstatement of Norris as the guardian of the estate, or determine the party responsible for presenting the final accounting. The order challenged in this appeal is an order *appointing* Norris as the guardian of the estate, which was superseded by a subsequent order *removing* Norris as the guardian of the estate. Thus, unlike the situation in *Zipp*, this court's action on the merits of this appeal could not affect the rights of the parties.

### CONCLUSION

Because the parties in this case have not demonstrated that there is a live controversy between them as to the merits of this appeal, we conclude the appeal is moot. We reinstate this appeal on our

docket. Having issued two show cause orders, and finding no grounds for retaining this appeal in the responses filed by the parties, we dismiss this appeal as moot.

Karen Angelini, Justice