**Opinion issued April 19, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00929-CV

_____

**CITY OF SEALY, TEXAS; MARK STOLARSKI, MAYOR; AND LARRY KUCIEMBA, CITY MANAGER, Appellants**

**V.**

**TOWN PARK CENTER, LLC, Appellee**

**On Appeal from the 155th District Court
Austin County, Texas
Trial Court Case No. 2015V-0129**

## MEMORANDUM OPINION

The City of Sealy, along with its mayor and city manager, filed this interlocutory appeal after the trial court denied a plea to the jurisdiction and granted Town Park Center, LLC's application for a temporary injunction. They contend that Town Park's request for attorneys' fees is barred by the doctrine of governmental

immunity and that the remainder of its claims have become moot. We agree. Because immunity and mootness are jurisdictional and dispose of all issues in this lawsuit, we vacate the order of the trial court and render judgment dismissing this case for lack of jurisdiction.

## Background

The City of Sealy and Town Park contracted to fund a road improvement project. Town Park contends that the contract requires the City to make a project-related payment to the Texas Department of Transportation. When the City refused to do so, Town Park filed this lawsuit, in which it alleged breach of contract and requested declaratory and injunctive relief, including a temporary injunction directing the City to make the disputed payment. The City filed a plea to the jurisdiction, contending that the doctrine of governmental immunity deprived the trial court of jurisdiction.

After an evidentiary hearing, the trial court denied the City's jurisdictional plea. The court found that the City had waived its immunity from suit by its own conduct. In particular, the proof showed that the contract contained a limited waiver of immunity and that Town Park had negotiated the inclusion of this waiver with the City and would not have signed the contract without it. The trial court also granted Town Park's application for a temporary injunction, and directed the City to make the disputed payment.

The City then filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4), (8). After filing its notice of appeal, the Sealy City Council voted to authorize the disputed payment, and the City delivered a check for the disputed amount to the Texas Department of Transportation.

## Analysis

### I.　Governmental immunity

The parties agree that whether the City is liable for Town Park's attorneys' fees remains a live controversy. The City contends that its governmental immunity bars an award of fees and that the trial court erred by not granting its plea to the jurisdiction. Town Park responds that the City waived its immunity in the parties' contract and through its conduct during negotiation of the contract.

A municipality may assert governmental immunity to a particular type of damages or entitlement to attorneys' fees in a plea to the jurisdiction. *See Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 105–10 (Tex. 2014); *City of Willow Park v. E.S. & C.M., Inc.*, 424 S.W.3d 702, 711–12 (Tex. App.—Fort Worth 2014, pet. denied). We review a trial court's ruling on a plea to the jurisdiction de novo. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149–50 (Tex. 2012).

Municipalities generally are immune from suit on contracts except when the Legislature waives that immunity. *City of Dallas v. Albert*, 354 S.W.3d 368, 373

3

(Tex. 2011). The Legislature has waived that immunity by statute for certain contracts concerning goods and services and certain types of remedies. TEX. LOC. GOV'T CODE §§ 271.152–.153, 271.155. Texas courts also have held that municipalities may waive their immunity from suit if they secure the execution and performance of a contract through false assurances that an otherwise unenforceable agreement is in fact enforceable. *E.g.*, *Texas S. Univ. v. State Street Bank & Trust Co.*, 212 S.W.3d 893, 904–08 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). But the Supreme Court of Texas has declined to approve such a "conduct exception" to governmental immunity, emphasizing that it is generally the Legislature's province to waive immunity, while remaining divided about the possibility of whether such an exception might apply in an appropriate case. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011) (citing *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 857 (Tex. 2002)); *see also Fed. Sign v. Texas S. Univ.*, 951 S.W.2d 401, 412–13 (Tex. 1997) (Hecht, J., concurring) (describing circumstances that hypothetically might justify a finding of waiver by conduct).

Town Park does not contend that its contract with the City is subject to the waiver-of-immunity provisions in Chapter 271 of the Local Government Code. Instead, it argues that the City waived its immunity in the parties' contract and through its conduct during negotiation of the contract. The City maintains that the

4

waiver-by-conduct exception to governmental immunity has been abrogated and that only the Legislature may waive a municipality's immunity to suit.

We need not decide whether a waiver-by-conduct exception is applicable on these facts. A "waiver of governmental immunity must be clear and unambiguous." *Oncor Elec. Delivery Co. LLC v. Dallas Area Rapid Transit*, 369 S.W.3d 845, 849 (Tex. 2012). Even when governmental immunity to suit is waived, it is waived only to the extent stated. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995) ("The rule that a waiver of immunity must be clear and unambiguous applies to both the existence and the extent of the waiver."); *see, e.g.*, TEX. LOC. GOV'T CODE §§ 271.152–.153, 271.155 (waiving immunity with respect to specified types of contracts and damages); *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 12–13 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (statutory waiver of immunity for certain contract claims contained in Chapter 271 does not encompass claims for quantum meruit). Town Park asserts that the City waived its immunity in the parties' contract and in their contract negotiations. The contract provides:

> By virtue of execution of this Agreement, and with regard to any claim made against the City regarding breach or enforcement of this Agreement, the City waives its sovereign immunity from suit for the sole and limited purpose of enforcement of the terms hereof by injunctive relief and specific performance, including petition for and enforcement of temporary or permanent injunction(s), whether mandatory or prohibitory. It is understood and agreed that such remedy shall be Developer's sole and exclusive remedy for enforcement of this Agreement or any alleged breach of the terms hereof.

While this provision does purport to waive the City's immunity to suit, it does not clearly and unambiguously extend that waiver to the recovery of attorneys' fees. Indeed, this provision does the opposite by disavowing any remedy other than injunctive relief or specific performance. Attorneys' fees are a remedy. *See 1/2 Price Checks Cashed v. United Auto Ins. Co.*, 344 S.W.3d 378, 389 (Tex. 2011); *Daly v. River Oaks Place Council of Co-Owners*, 59 S.W.3d 416, 423 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Consequently, the contract's specification of injunctive relief and specific performance as Town Park's "sole and exclusive remedy" for enforcement or breach does not waive the City's immunity with respect to attorneys' fees. Therefore, even if the City could and did waive its immunity by conduct, the scope of that waiver would not include attorneys' fees.

Town Park has failed to demonstrate a waiver of immunity with respect to its claim for attorneys' fees. Accordingly, we dismiss Town Park's request for attorneys' fees for lack of jurisdiction. *See City of Willow Park*, 424 S.W.3d at 711–12.

## II.    Mootness on appeal

The City contends that its payment renders moot all aspects of this controversy except Town Park's request for attorneys' fees. It thus asks this court to vacate the temporary injunction entered by the trial court and dismiss Town Park's mooted

claims. Town Park responds that the City's payment only moots this appeal and requests dismissal of the appeal.

A claim of mootness presents a question of law, which we review de novo. *Heckman*, 369 S.W.3d at 149–50. If a controversy as to a claim ceases to exist between the parties, the merits of the claim become moot and jurisdiction as to that claim is lost. *Albert*, 354 S.W.3d at 375. If a ruling on a claim would not have any practical legal effect when rendered, that claim no longer presents a live controversy. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (per curiam). Thus, courts "have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman*, 369 S.W.3d at 166–67. A party's voluntary compliance with a trial court order may render an appeal moot. *E.g.*, *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam).

In general, when a case "becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed." *Guajardo v. Alamo Lumber Co.*, 317 S.W.2d 725, 726 (Tex. 1958) (per curiam) (internal quotation marks omitted). But if the appeal is from an order granting a temporary injunction, the appellate court must "set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending." *Id.*; *accord Lone Oak Indep. Sch. Dist. v. Bell*, 515 S.W.2d 252, 252–53 (Tex. 1974) (per curiam); *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 741 (Tex. App.—

7

Houston [1st Dist.] 2002, pet. denied). It is the mooted portion of the case, not the appeal, that must be dismissed. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *City of Garland v. Louton*, 691 S.W.2d 603, 604–05 (Tex. 1985) (per curiam).

The Sealy City Council voted to authorize the payment demanded by Town Park and the City has delivered a check for this payment to the Texas Department of Transportation. Because the City no longer contests the payment, its tender of a check for the formerly disputed sum has rendered moot the injunctive relief requested by Town Park. *See Valley Baptist*, 33 S.W.3d at 822; *Zipp*, 218 S.W.3d at 73. Therefore, we set aside the trial court's October 27, 2015 temporary injunction order in its entirety. *See Guajardo*, 317 S.W.2d at 726.

Ordinarily, the remainder of Town Park's case—its causes of action for breach of contract and declaratory judgment—would remain pending. *See Guajardo*, 317 S.W.2d at 726. But Town Park seeks no further remedy for these causes of action beyond what it already has obtained, namely the City's payment of the disputed sum to the Texas Department of Transportation. As the City no longer contests this payment and has delivered a check in the demanded amount to the Texas Department of Transportation, no controversy remains between these parties on these claims either. *See Zipp*, 218 S.W.3d at 73. So we also dismiss these causes of action as moot.

**Conclusion**

The City has governmental immunity from suit with respect to Town Park's request for attorneys' fees, and we therefore dismiss this request for lack of jurisdiction. Town Park's cause of action for breach of contract and its requests for declaratory and injunctive relief are moot, and we therefore vacate the trial court's temporary injunction and dismiss these three claims for lack of jurisdiction. As these holdings dispose of all claims pending in this suit, we render a judgment dismissing this case in its entirety. *See* TEX. R. APP. P. 43.2(e).

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.