**Motion for Rehearing Granted, Memorandum Opinion of June 14, 2016 Withdrawn, Motion for Damages Denied, Dismissed, and Memorandum Opinion on Rehearing filed November 17, 2016.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-15-00197-CV

## DAVID E. JOHNSON, Appellant

## V.

## NATIONAL INDEMNITY COMPANY, Appellee

**On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. CV28790A**

## M E M O R A N D U M   O P I N I O N   O N   R E H E A R I N G

We grant National Indemnity Company's motion for rehearing, withdraw our memorandum opinion of June 14, 2016, and issue this substitute memorandum opinion on rehearing.

This appeal is from an order dismissing appellee National Indemnity Company from the case below. Our record reflects that appellant David E.

Johnson filed a notice of nonsuit with prejudice of "all of his claims and causes of action against Defendant, National Indemnity," seeking to have his claims against National Indemnity dismissed with prejudice in the underlying case.[1] The trial court signed an order of dismissal with prejudice of all of Johnson's claims and causes of action against National Indemnity.

Rule 162 of the Texas Rules of Civil Procedure provides that a plaintiff may nonsuit his claims at any time before he has introduced all of his evidence, other than rebuttal evidence. *See* Tex. R. Civ. P. 162. Johnson nonsuited his claims against National Indemnity;[2] thus there is no justiciable controversy between the parties in this case. *See, e.g.*, *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Johnson's nonsuit with prejudice of his claims against National Indemnity rendered any appellate issues he may have had based on his nonsuited claims

---

[1] The trial court signed an order dismissing National Indemnity without prejudice from the main cause number, CV28790, on March 2, 2015. Johnson filed a notice of appeal of that dismissal order on March 5, 2015. At that time, the trial court's dismissal order was interlocutory because there were other parties and claims remaining in the main cause number. The trial court granted National Indemnity's motion to sever on June 15, 2015, severing all of Johnson's claims against National Indemnity and, apparently, National Indemnity's motion for award of costs and fees into a separate cause number, CV28790A. The prematurely filed notice of appeal is effective as deemed filed on June 15, 2015. *See* Tex. R. App. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."). This court also recognizes premature notices of appeal, filed in a cause pre-severance, as effective to appeal an interlocutory order made final by a severance. *Cf. Brooks v. Goodyear Tire & Rubber Co.*, No. 14-12-01048-CV, 2013 WL 3477288, at *2 n.1 (Tex. App.—Houston [14th Dist.] July 9, 2013, no pet.) (mem. op.) (noting that a premature notice of appeal filed in a main cause is effective to appeal an interlocutory summary judgment made final by a severance order).

[2] A nonsuit terminates the case from the moment the nonsuit is filed, but does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). At the time Johnson nonsuited his claims against National Indemnity, National Indemnity had a pending claim for attorney's fees and costs. However, National Indemnity subsequently non-suited its claim for attorney's fees and costs.

moot.  *See, e.g.*, *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

Accordingly, we dismiss Johnson's appeal for want of jurisdiction because we may not decide moot controversies and render advisory opinions.  *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

On appeal, National Indemnity filed a motion for damages against Johnson under Texas Rule of Appellate Procedure 45, entitled "Damages for Frivolous Appeals in Civil Cases."  *See* Tex. R. App. P. 45.  This court may award just damages under Rule 45 if, after considering everything in its file, we make an objective determination that the appeal is frivolous.  *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).  To determine wither an appeal is objectively frivolous, we review the record from the viewpoint of Johnson and determine whether Johnson had reasonable grounds to believe the case could be reversed.  *Id.*  But Rule 45 does not mandate that this court award just damages in every case in which an appeal is frivolous; the decision to award such damages is a matter within this court's discretion, which we exercise with prudence and caution after careful consideration.  *Id.*  We conclude that damages under Rule 45 are not warranted in today's case, and we deny National Indemnity's motion.

Accordingly, for the foregoing reasons, this appeal is ordered DISMISSED for want of jurisdiction.  Further, National Indemnity's motion for damages under Rule of Appellate Procedure 45 is DENIED.

PER CURIAM

Panel consists of Justices Christopher, McCally, and Busby.