# NO. 12-17-00117-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: PHILADELPHIA INDEMNITY* | § | |
| *INSURANCE COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Red Dot Buildings has filed a motion for rehearing, which is granted. We withdraw our June 7, 2017 opinion and judgment and substitute the following opinion and corresponding judgment in their place.

Philadelphia Indemnity Insurance Company seeks mandamus relief from the trial court's order denying its motion to transfer venue.[1] We dismiss this original proceeding as moot.

## BACKGROUND

In 2014, Red Dot Buildings and Rigney Construction and Development, L.L.C. entered into a subcontract related to the construction of a school in Brooks County, Texas. Red Dot secured a payment bond from Philadelphia for the project in accordance with Chapter 2253 of the Texas Government Code.

When a dispute subsequently arose between Red Dot and Rigney, Red Dot sued for breach of contract. Rigney moved to transfer venue to Hidalgo County. The trial court denied the motion. Red Dot also made a payment bond claim with Philadelphia. In its first amended petition, Red Dot brought Philadelphia into the lawsuit under Chapter 2253 of the Texas Government Code. Philadelphia filed a motion to transfer venue with its original answer, asserting that the case must be transferred to Brooks County under section 2253.077 of the

---

[1] The respondent is the Honorable Dan Moore, Judge of the 173rd Judicial District, Henderson County, Texas. The underlying proceeding is trial court cause number CV15-0009-173, styled ***Red Dot Bldgs. Sys., Inc. vs. Rigney Constr. & Dev. LLC & Philadelphia Indem. Ins. Co***.

government code. Citing that venue had been determined before Philadelphia was a party, the trial court denied Philadelphia's motion to transfer. This original proceeding followed.

<u>MOOTNESS</u>

We first address Red Dot's argument that this proceeding is moot. Following the filing of Philadelphia's mandamus petition, Red Dot nonsuited its case against Philadelphia. Nevertheless, Philadelphia argues that its petition is not moot because the claims against it can be refiled, the case presents an issue of public importance, and venue is still mandatory in Brooks County because Brooks County Independent School District is now a party to the lawsuit.

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.,* 369 S.W.3d 137, 166–67 (Tex. 2012). Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes moot." *Id.*; *see Tex. Health Care Info. Council v. Seton Health Plan,* 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied). The same is true if an appellate court's judgment cannot have any practical legal effect upon a then existing controversy. *Zipp v. Wuemling,* 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

There are two exceptions which will allow an appellate court to address issues that are otherwise moot: (1) capable of repetition yet evading review; and (2) collateral consequences. *In re S.J.C.,* 304 S.W.3d 563, 568 (Tex. App.—El Paso 2010, no pet.) (*citing Gen. Land Office of the State of Tex. v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex. 1990). The "capable of repetition, yet evading review" exception applies only in rare circumstances. *Tex. A & M Univ.-Kingsville v. Yarbrough,* 347 S.W.3d 289, 290–91 (Tex. 2011); *Williams,* 52 S.W.3d at 184. To invoke the exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Yarbrough,* 347 S.W.3d at 290; *Williams,* 52 S.W.3d at 184–85; *Blum v. Lanier,* 997 S.W.2d 259, 264 (Tex.

2

1999); ***OXY U.S.A.,*** 789 S.W.2d at 571 (Tex. 1990); ***In re Fort Worth Star Telegram***, 441 S.W.3d 847, 852 (Tex. App.—Fort Worth 2014, orig. proceeding).  An issue does not evade appellate review if appellate courts have addressed the issue on the merits.  ***Meeker v. Tarrant Cnty. Coll. Dist.,*** 317 S.W.3d 754, 762 (Tex. App.—Fort Worth 2010, pet. denied).  The mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient.  ***City of Dallas v. Woodfield,*** 305 S.W.3d 412, 419 (Tex. App.—Dallas 2010, no pet.); *see **Coburn v. Moreland***, 433 S.W.3d 809, 826 (Tex. App.—Austin 2014, no pet.).

The "collateral consequences" exception has been applied when prejudicial events have occurred "whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate."  ***In re Salgado***, 53 S.W.3d 752, 757 (Tex. App.—El Paso 2001, orig. proceeding) (quoting ***OXY U.S.A.,*** 789 S.W.2d at 571).  The exception is "invoked only under narrow circumstances when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal that judgment." ***Marshall v. Housing Auth. of the City of San Antonio***, 198 S.W.3d 782, 789 (Tex. 2006). "Such narrow circumstances exist when, as a result of the judgment's entry, (1) concrete disadvantages or disabilities have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law; and (2) the concrete disadvantages and disabilities will persist even after the judgment is vacated." ***Id***.

In this case, the trial court's denial of Philadelphia's motion to transfer venue became irrelevant when Red Dot nonsuited Philadelphia in the underlying proceeding.  As a result, the controversy underlying this original proceeding has become moot.  *See **Nat'l Collegiate Athletic Ass'n***, 1 S.W.3d at 86.  Further, the capable of repetition yet evading review exception does not apply because the record does not indicate that the challenged action was too short in duration to be fully litigated before the action ceased or expired.  *See **Yarbrough***, 347 S.W.3d at 290.

Moreover, while Philadelphia contends that it has a reasonable expectation that it will be subjected to the same action again, that does not mean that the issue evades review.  *See **OXY U.S.A.***, 789 S.W.2d at 571; *see also **In re Freymann***, No. 13-15-00550-CV, 2016 WL 354617 (Tex. App.—Corpus Christi Jan. 22, 2016, orig. proceeding) (mem. op.).  Rather, the question of mandatory venue has not evaded appellate review in Texas. *See **Van Es v. Frazier***, 230 S.W.3d 770, 775 (Tex. App.–Waco 2007, pet. denied); *see also **Fincher v. Wright***, 141 S.W.3d 255, 263–64 (Tex. App.–Fort Worth 2004, no pet.); ***In re Shell Oil Co.***, 128 S.W.3d 694, 696 (Tex.

3

App.–Beaumont 2004, orig. proceeding); ***Marathon Corp. v. Pitzner***, 55 S.W.3d 114, 137 n.6 (Tex. App.–Corpus Christi 2001), *rev'd on other grounds,* 106 S.W.3d 724 (Tex. 2003) (per curiam).

Philadelphia further maintains that the collateral consequences exception applies because "the collateral consequence of the trial court's erroneous venue order is its res judicata effect, i.e. it is the final legal determination of venue if this Court grants mandamus relief and requires the trial court to set aside its order transferring venue." It also contends that Red Dot has already expressed intent to refile, and the trial court would likely deny any motion to transfer venue. However, Philadelphia is a business, not a hated or helpless individual. *See **In re Salgado***, 53 S.W.3d at 757. Moreover, the "consequences" of which it complains do not demonstrate the type of concrete disadvantage to which the exception generally applies. *See **Hatten v. Univ. Interscholastic League***, No. 13-06-00313-CV, 2007 WL 2811833, at \*4 (Tex. App.—Corpus Christi Sept. 27, 2007, pet. denied) (mem. op.) (identifying the types of cases to which exception applies and noting that the appellant's consequences were "minuscule when compared to the stigmatizing consequences inherent in involuntary mental commitments, juvenile adjudications, protective orders, and contempt orders[]").

Philadelphia also contends that the public interest exception to the mootness doctrine applies to this case. However, this Court has declined to apply the public interest exception. *See **In re Smith Cty.***, No. 12-17-00140-CV, 2017 WL 2822517, at \*6 (Tex. App.—Tyler June 30, 2017, orig. proceeding) (not yet released for publication).

The Texas Supreme Court has stated that an appellate court will not issue a writ of mandamus if, for any reason, doing so would be useless or unavailing. *See **Dow Chem. Co. v. Garcia***, 909 S.W.2d 503, 505 (Tex. 1995). Because a live controversy no longer exists between the parties in this case, as a result of the nonsuit, any action on the merits by this Court could not affect the parties' rights. *See **Zipp***, 218 S.W.3d at 73. Based on the foregoing, we conclude that this original proceeding has become moot, no exception to the doctrine of mootness applies, and we lack jurisdiction over this proceeding.

## DISPOSITION

We *grant* Red Dot's motion for rehearing, *dismiss* this original proceeding as moot, and order the trial court to vacate its May 30, 2017 order transferring the underlying case to Brooks County.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-17-00117-CV

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**
Relator
V.

**HON. DAN MOORE,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philadelphia Indemnity Insurance Company; who is the relator in Cause No. CV15-0009-173, pending on the docket of the 173rd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on April 12, 2017, and the same having been duly considered, it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed as moot**.

It is further ORDERED, ADJUDGED and DECREED that the trial court vacate its May 30, 2017 order transferring the underlying case to Brooks County.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*