# NO. 12-20-00164-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARNEY DONALSON, JR.* <br> *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CITY OF CANTON, TEXAS,* <br> *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Barney Donalson, Jr., acting pro se, filed a notice of appeal from a temporary injunction. We dismiss as moot.

## BACKGROUND

The City of Canton, Texas, sued New Beginnings Fellowship Church of Houston, Texas and Barney Joe Donalson, Jr., individually and d/b/a Covenant Community of New Beginnings Fellowship/Canton, alleging that Covenant Community's use of a former nursing home property as a residential complex violated city ordinances and regulations. The City sought a temporary restraining order, temporary injunction, and permanent injunction, requested declaratory relief and civil penalties, and sought attorney's fees. The trial court signed a temporary injunction on January 24, 2020. Donalson filed a notice of appeal on January 28.

On May 18, the City filed an amended petition and added Chapman House Eustace, Inc., Dean Harber, Jami Lynn Harber, individually and d/b/a New Beginnings Fellowship Church of Canton, Texas and d/b/a Arise Church of Canton, Kevin Chapman, Donna Bega, and the Structure on the Real Property at 901 W. College Street, Canton, Texas, in rem, as defendants. On July 1, the City filed a notice of nonsuit, without prejudice, as to New Beginnings Fellowship Church of Houston, Donalson, individually and d/b/a Covenant Community, Chapman and

Chapman House, Bega, and Jami Lynn Harber d/b/a New Beginnings Fellowship Church of Canton. The notice stated that Dean Harber, Jami Lynn Harber, individually and, d/b/a Arise Church of Canton, and the Structure remained as parties-defendants and agreed to a Stipulated Permanent Injunction and Final Judgment to be entered in the case. The trial court signed an order dismissing from the case, without prejudice, New Beginnings Fellowship Church of Houston, Donalson, individually and d/b/a Covenant Community, Chapman and Chapman House, Bega, and Jami Lynn Harber d/b/a New Beginnings Fellowship Church of Canton.

On July 6, the trial court signed a stipulated permanent injunction and final judgment. According to the judgment, Arise Church owns the College Street property and Jami Lynn Harber owns Arise Church. Dean Harber is the owner's representative with control over the property. The judgment states that it supersedes the January 24 temporary injunction.

On August 9, Donalson filed a motion with this Court, in which he sought a stay of the temporary injunction pending resolution of the appeal. In response, the City argues that the motion should be denied and the appeal dismissed as moot.


## DISMISSAL

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a controversy ceases to exist—"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the case becomes moot." *Id*. The same is true if an appellate court's judgment cannot have any practical legal effect upon a then existing controversy. *See Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007).

For two reasons, we conclude this appeal is moot. First, the City's nonsuit deprives this Court of jurisdiction. At any time before the plaintiff has introduced all of its evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. TEX. R. CIV. P. 162. A nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made in open court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). Because the City filed a nonsuit with respect to Donalson, there is no longer a case or

controversy between Donalson and the City, which renders the appeal from the temporary injunction moot.  Nevertheless, Donalson argues that the appeal is not moot because he sought affirmative relief in the form of sanctions before the City filed its nonsuit.  A dismissal or nonsuit shall not prejudice an adverse party's right to be heard on a pending claim for affirmative relief and shall have no effect on any motion for sanctions pending at the time of dismissal, as determined by the court.  TEX. R. CIV. P. 162.  Here, Donalson's motion for sanctions is no longer pending because the trial court denied the motion on September 2.  And even were it still pending, although Rule 162 "permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, *it does not forestall the nonsuit's effect of rendering the merits of the case moot.*"  ***Univ. of Tex. Med. Branch at Galveston***, 195 S.W.3d at 101 (emphasis added).  Accordingly, Donalson's motion for sanctions has no bearing on the mootness of this appeal.

Second, if, on appeal from an order granting or denying a temporary injunction, the trial court renders final judgment, the case on appeal becomes moot.  ***Isuani v. Manske-Sheffield Radiology Grp., P.A.***, 802 S.W.2d 235, 236 (Tex. 1991); *see **Taj v. Highlander Cmty. Servs. & Inv., L.L.C.***, No. 05-19-00369-CV, 2019 WL 4033946, at *1 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.).  Accordingly, the trial court's signing of a permanent injunction and final judgment in this case renders the appeal of the temporary injunction moot.  However, Donalson argues that "the capable of repetition yet evading review exception" to the mootness doctrine applies.[1]  This exception applies only in rare circumstances.  *See **Tex. A & M Univ.–Kingsville v. Yarbrough***, 347 S.W.3d 289, 290 (Tex. 2011).  To invoke the exception, a party must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again.  *See **id***.  Regarding the first requirement, Donalson cannot show that the time between the challenged action is always so short as to evade review.  *See*

---

[1] Collateral consequences is another exception to the mootness doctrine.  *See **In re Philadelphia Indem. Ins. Co.***, No. 12-17-00117-CV, 2017 WL 3224886, at *2 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op.) ("collateral consequences" exception has been applied when prejudicial events occurred "whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate").  Donalson mentions this exception but does not argue that it applies.  Even had he argued its applicability, we cannot conclude that any "consequences" stemming from the temporary injunction, which has been extinguished by a permanent injunction to which Donalson is not a party, would demonstrate the type of concrete disadvantage to which the exception generally applies.  *See **id***. at*3; *see also **Hatten v. Univ. Interscholastic League***, No. 13-06-00313-CV, 2007 WL 2811833, at *4 (Tex. App.–Corpus Christi Sept. 27, 2007, pet. denied) (mem. op.) (identifying the types of cases to which exception applies and noting that the appellant's consequences were "minuscule when compared to the stigmatizing consequences inherent in involuntary mental commitments, juvenile adjudications, protective orders, and contempt orders[ ]").

*Coburn v. Moreland*, 433 S.W.3d 809, 825 (Tex. App.—Austin 2014, no pet.). "[A]n issue does not evade appellate review if appellate courts have addressed the issue on the merits." *Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 762 (Tex. App.–Fort Worth 2010, pet. denied). Not only has the legislature authorized interlocutory appeals from temporary injunctions, but appellate courts, including this Court, have addressed temporary injunctions on multiple occasions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2020); *see also Caniglio v. Woods*, 593 S.W.3d 856 (Tex. App.—Texarkana 2019, no pet); *Morrison v. Colbert*, No. 12-18-00206-CV, 2019 WL 968512 (Tex. App.—Tyler Feb. 28, 2019, no pet.) (mem. op.); *Cooper Valves, LLC v. ValvTechnologies, Inc.*, 531 S.W.3d 254 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Burkholder v. Wilkins*, 504 S.W.3d 485 (Tex. App.—Corpus Christi 2016, no pet.). Accordingly, "the capable of repetition yet evading review exception" does not apply to this case. *See Meeker*, 317 S.W.3d at 762 (exception did not apply to challenge regarding adequacy of public meeting-agenda notices where Texas courts had addressed adequacy of public meeting-agenda notices on numerous occasions).

## DISPOSITION

For the reasons discussed above, we conclude that there is no longer a justiciable controversy between Donalson and the City. Therefore, we *dismiss* the appeal as moot. All pending motions are likewise *overruled as moot*.

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-20-00164-CV**

**BARNEY DONALSON, JR.**
Appellant
V.
**CITY OF CANTON, TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 19-00185)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*