# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00189-CV

---

**Appellants, Nellie Katherine Marx, Sandra Jones, and William Donald Marx, Individually and as Co-Trustees of the Paul Marx 2013 Management Trust// Cross-Appellant, Johnnie Love-Marx**

**v.**

**Appellee, Johnnie Love-Marx// Cross-Appellees, Nellie Katherine Marx, Sandra Jones, and William Donald Marx, Individually and as Co-Trustees of the Paul Marx 2013 Management Trust**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-16-000686, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Nellie Katherine Marx, Sandra Jones, and William Donald Marx, Individually and as Co-Trustees of the Paul Marx 2013 Management Trust (collectively, the Trustees) have filed a motion for voluntary dismissal of their appeal and for involuntary dismissal of Johnnie Love-Marx's cross appeal. *See* Tex. R. App. P. 42.1(a), .3(a). On December 22, 2020, we requested that Love-Marx respond by January 4, 2021, but she has not filed a response.

In the underlying proceeding, the probate court issued a final judgment that "dispos[ed] of all claims and all parties." The Trustees filed a notice of appeal from the portion of the probate court's final judgment granting summary judgment in favor of Love-Marx and dismissing the Trustees' claims against her. Love-Marx also filed a notice of cross appeal "from

the portion of the probate court's odious discovery rulings . . . over-ruling her valid objections to Plaintiffs' obnoxious requests and compelling discovery."

In this Court, the Trustees moved to dismiss the appeal and cross appeal before filing any of their briefing on the merits. As noted above, Love-Marx has not filed a response, but she did file an opening brief in her cross appeal raising a single issue: "the failure of the [probate court] to sustain her objections to requests for production" after the probate court compelled her "to produce things in response to illegitimate, improper requests." As her only requested appellate relief, Love-Marx requests that the Trustees "should not be allowed use of any document produced in response to these illegitimate RFP's on a re-trial of the cause if this court remand" and "[t]o remedy this error, all documents obtained by [the Trustees] in response to these RFP's should be ordered excluded from use at any re-trial unless same are obtained in some other legitimate fashion or offered by [Love-Marx]."

We may dismiss an appeal on an appellant's motion "unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled." *Id.* R. 42.1(a). Here, Love-Marx's requested relief in her cross appeal is contingent upon a remand in the Trustees' appeal and a potential retrial; Love-Marx does not independently seek to reverse the probate court's judgment and to remand the cause. Thus, absent consideration, reversal, and remand of the Trustees' appeal, Love-Marx would not "otherwise be entitled" to her requested relief from this Court. *See id.* R. 43.2 (describing types of judgment available to courts of appeals). Nor has Love-Marx identified how a dismissal of the Trustees' appeal would prevent her from seeking any other relief to which she would otherwise be entitled. We therefore grant the Trustees' motion to voluntarily dismiss their appeal. *See id.* R. 42.1(a).

We also may grant a motion for involuntary dismissal of an appeal when the appeal is subject to dismissal "for want of jurisdiction" or "because the appellant has failed to comply with . . . a notice from the clerk requiring a response or other action within a specified time." *Id.* R. 42.3(a), (c). Here, Love-Marx has failed to comply with the notice from the clerk requesting a response by January 4, 2021, to the Trustees' motion. Additionally, the Trustees argue that the "dismissal of their appeal against [Love-Marx] for tortious interference and participation in a breach of fiduciary duty, including their judicial admission of intent to forgo any further pursuit of any previously-nonsuited claims against [Love-Marx]" moots Love-Marx's cross appeal because "there is no possible 're-trial' in which any document produced by [Love-Marx] could be used against her" and, accordingly, "no live controversy in which this Court could rule that such documents should be excluded." *See Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (per curiam) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties."). We therefore grant the Trustees' motion for involuntary dismissal of Love-Marx's cross appeal. *See* Tex. R. App. P. 42.3(a), (c).

Having granted the Trustees' motion, we dismiss the appeal and cross appeal. *See id.* R. 42.1(a), .3(a), (c).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed on Appellants' Motion

Filed: January 15, 2021