**Vacated and Appeal Dismissed and Memorandum Opinion filed March 13, 2025**



In The

# Fifteenth Court of Appeals

---

## NO. 15-24-00033-CV

---

### ROBERT WAYNE MITCHELL, Appellant

### V.

### BRYAN COLLIER IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

---

### On Appeal from the 298th District Court
### Dallas County, Texas
### Trial Court Cause No. DC-23-04417

---

### MEMORANDUM OPINION

This appeal arises from a dispute about whether a parolee in the custody of the Texas Department of Criminal Justice ("TDCJ") has fully served his prison sentence and is entitled to be discharged. Appellant Robert Mitchell sued Appellee Bryan Collier in his official capacity as executive director of the TDCJ seeking declaratory relief that Mitchell is entitled to immediate release from parole and the

TDCJ prison system because he served his sentence. We vacate the trial court's order and dismiss this appeal for want of jurisdiction.

On February 10, 2025, Collier filed a suggestion of death informing this Court that Mitchell passed away on September 18, 2024. Because Mitchell passed away after the trial court's order, but before disposition of this appeal, Rule of Appellate Procedure 7.1(a) provides that this appeal may be perfected, and this Court may proceed to adjudicate it as if all parties were alive. *See* Tex. R. App. P. 7.1(a)(1). But Rule 7.1 does not dispense with the actual-controversy requirement. Without a justiciable controversy, the dispute becomes moot, requiring dismissal. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). The death of a party can render an appeal moot by depriving the court of a justiciable controversy. *See Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (per curiam). Mootness turns on whether the rights in controversy are personal rights or property rights. When property rights are at stake, the controversy remains alive, but controversies over personal rights are extinguished. *Id.*

In the trial court, Mitchell filed a petition seeking injunctive relief compelling Collier to provide Mitchell discharge papers releasing him, alleging Collier's refusal to do so constitutes ultra vires conduct. Collier filed a plea to the jurisdiction seeking to dismiss the case on the grounds that sovereign immunity bars Mitchell's action and because he was required to seek relief through the pursuit of habeas corpus remedies. The trial court granted the plea, and Mitchell filed this appeal challenging the trial court's decision.

Because Mitchell's suit sought to vindicate only personal rights, an actual controversy between the parties no longer exists, and this appeal is moot. *See id.; Brown v. Texas Dep't of Crim. Just.*, No. 15-24-00045-CV, 2024 WL 5134591, at

*1–*2 (Tex. App.—15th Dist. Dec. 17, 2024, no pet.) (mem. op.) (dismissing as moot appellant's issue concerning only personal rights following appellant's death). Mitchell's death deprives this Court and the trial court of subject matter jurisdiction.

On February 11, 2025, the Court informed the parties of its intent to dismiss this appeal for want of jurisdiction and gave the parties ten days from the date of the notice to file a response explaining why the Court should not dismiss the appeal. More than ten days have passed, and no response has been filed.

Because the appeal affects only personal rights, we conclude that we lack jurisdiction. We vacate the trial court's order and dismiss the appeal as moot. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (holding that when a cause becomes moot, appellate court must vacate the trial court's judgment and dismiss the appeal as moot).

/s/ April Farris
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

3